UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAYNARD LEE ROBERTS, JR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-775 |
| | § | |
| ANDREW JUWARI, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Maynard Lee Roberts, Jr. filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Defendants moved for summary judgment. For the reasons stated below, defendants' motion is granted and plaintiff's complaint is dismissed with prejudice.

## I. Background

At all times relevant to this case, Roberts was an inmate in the Texas Department of Criminal Justice ("TDCJ") . Defendants are TDCJ corrections officials.

Plaintiff alleges that defendant Andrew Juwari ordered him to check the IDs of other inmates "on the diet line in the chow hall." Complaint at 4. He contends that Juwari was acting in accordance with a policy set by defendant Henry Lance. He identifies Juwari and Lance as Food Services Managers at the TDCJ's Darrington Unit in Rosharon, Texas. Complaint at 3.

Roberts contends that one inmate took offense at Roberts' request for his ID and later attacked Roberts in the shower, knocking out one of Roberts' teeth and causing other injuries. He claims that the attack occurred because defendant Damon Andrews, a Corrections Captain, failed

to have an officer on duty near the showers, and defendant Syed Kazmi, a Corrections Officer, was not at his post near the showers. Roberts argues that the defendants' alleged acts and omissions constituted deliberate indifference to Roberts' safety in violation of Roberts' Eighth Amendment rights. He seeks compensatory and punitive damages.

## II. Analysis

### A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Eleventh Amendment Immunity

Defendants first argue that they are immune from suit in their official capacities under the Eleventh Amendment. The Eleventh Amendment bars suits for money damages by individuals against states. It also bars suit for money damages against state officials in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984).

Plaintiff makes clear, however, that he sues the defendants only in their individual capacities. *See* Plaintiff's Answer to Defendants' Original Answer (Doc. # 21) at 2. Therefore, the Eleventh Amendment is no bar to plaintiff's action.

### C. Exhaustion of Remedies

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007). Defendants argue that Roberts failed to exhaust his claims against them through the prison grievance process.

Roberts attached to his complaint copies of Step 1 and Step 2 grievances. The Step 1 grievance states that defendant Juwari told Roberts to check the IDs of other inmates in the food line. He also complains that there was no guard in the shower to prevent the alleged assault. The grievance was denied on the grounds that there was enough evidence presented to support a disciplinary finding against Roberts. In his Step 2 grievance, however, Roberts clearly states that he was not contesting the disciplinary case, but was grieving the fact that he was ordered to check IDs and that there was no guard in the shower.

*Jones* holds that "proper exhaustion" is required, and that the definition of "proper exhaustion" is dependent on the requirements of the particular state grievance procedures. *Id.* at 217-18. The Michigan policy at issue in *Jones*

> did not contain any provision specifying who must be named in a grievance. MDOC's policy required only that prisoners "be as specific as possible" in their grievances . . . while at the same time the required forms advised them to "[b]e brief and concise," . . ... The MDOC grievance form does not require a prisoner to identify a particular responsible party, and the respondent is not necessarily the allegedly culpable prison official, but rather an administrative official designated in the policy to respond to particular types of grievances at different levels.

*Id.* at 218. In contrast, the TDCJ Step 1 grievance form specifically requires the prisoner to "state *who*, what, when, where" in stating the grievance (emphasis added). Thus, TDCJ does require an inmate to identify the persons who are the subjects of the grievance.

A review of Roberts' grievance shows that he specifically identified defendant Juwari as acting improperly by directing Roberts to check IDs. He does not identify any other defendant. Therefore, defendants Lance, Andrews, and Kazmi are entitled to summary judgment because plaintiff failed to exhaust his available administrative remedies against them.

### D. Deliberate Indifference

To rise to the level of a constitutional violation, a defendant's actions must exhibit deliberate indifference to the prisoner's needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

The Eighth Amendment bars the infliction of cruel and unusual punishment.

> Because, however, prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment, it remains open to the officials to prove that they were unaware even of an obvious risk to inmate health or safety. That a trier of fact may infer knowledge from the obvious, in other words, does not mean that it must do so. Prison officials charged with deliberate indifference might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.

*Id.* at 844.

Defendants point out that Roberts never submitted any forms to advise officials that he believed he was in danger. *See* Defs. Exh. C at 3; Exh. D at 1-2. Moreover, an investigation into the alleged assault concluded that Roberts was the aggressor. Defs. Exh. B at 4-5.

The evidence thus shows that Roberts was not assaulted, but was the aggressor in the incident at issue. Moreover, and more importantly, there is no evidence that any defendant was subjectively aware of any risk to Roberts' safety. On the contrary, the evidence shows that Roberts never informed any official that he believed he was at risk. The evidence thus establishes that defendants were not deliberately indifferent to Roberts' safety. Defendants are therefore entitled to summary judgment.

### E. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment is granted.

### III. Order

It is ORDERED that:

1. The defendants' motion for summary judgment (Doc. # 25) is GRANTED; and

2. The complaint (Doc. # 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 29th day of May, 2014.

_____
Kenneth M. Hoyt
United States District Judge